IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE No.: 50-2022-CA-012731-XXXX-MB

A+ SAFER, LLC and
LOWELL CRAWFORD

       Plaintiffs,

vs.

GENO ROEFARO; APPDEVELOP.COM,
LLC; WEBDEVELOP.COM, LLC; and
SAFERWATCH, LLC,

       Defendants.
_____/

## VERIFIED AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for unfair competition, the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §501.01, et seq., Misappropriation of Trade Secrets, Breach of Fiduciary Duty, and under the common laws of unfair competition, all arising from the Plaintiff's source code and intellectual property that the Defendant has stolen and rebranded into his own company.

2. Plaintiff seeks injunctive and monetary relief.

### JURISDICTION AND VENUE

3. The amount in controversy exceeds $50,000.00.

4

4. Venue is proper in Palm Beach County, Florida, because Defendant Mr. Roefaro resides in Palm Beach County, Florida, and the written agreement sued upon contains a dispute resolution provision providing "Any dispute arising out of this Agreement or its terms shall be resolved exclusively by state or federal courts located in Palm Beach County, Florida".

## PARTIES

5. A+SAFER, LLC is a Florida limited liability company.

6. GENO ROEFARO is an individual who resides in Palm Beach County, Florida. Mr. Roefaro is or was a principal of the Defendants APPDEVELOP.COM, WEBDEVELOP.COM, LLC, and SAFERWATCH, LLC.

7. APPDEVELOP.COM is a Delaware limited liability company that conducted business in Florida, including with respect to the public safety application at issue in this lawsuit.

8. WEBDEVELOP.COM LLC is a dissolved Florida limited liability company.

9. SAFERWATCH, LLC is a Delaware limited liability company that conducts business in Florida, including with respect to the public safety application at issue in this lawsuit.

## GENERAL FACTUAL ALLEGATIONS

10. On or around January 21, 2016, A+SAFER, LLC and WEBDEVELOP.COM LLC entered into an agreement (the "Engagement Agreement"), pursuant to which WEBDEVELOP.COM LLC agreed to provide technical services to A+SAFER, LLC in connection with the design and development of a public safety mobile application.

11. In providing said services, WEBDEVELOP.COM LLC, and its president and principal Mr. Roefaro, gained access to A+SAFER, LLC's unique concepts and business interests for the public safety application:

    i. including its purpose;
    ii. function;
    iii. features and design;
    iv. the public safety issues it would be addressing;
    v. the means by which the application would address those issues;
    vi. the icons and features the application would have;
    vii. how the application would work in different settings and with different types of organizations;
    viii. how a user would identify and report a threat through the application;
    ix. how and to whom a threat would be communicated;
    x. how updates and additional details regarding a threat would be communicated; and
    xi. and who within a particular organization would have the ability to report threats and have access to real-time information on incidents, among other concepts and information.

12. Sometime in 2016 after the Engagement Agreement was executed, WEBDEVELOP was dissolved, and APPDEVELOP assumed WEBDEVELOP's duties under the Engagement Agreement. APPDEVELOP also acquired access to A+SAFER's concepts and business interests for the public safety application referenced in paragraph 10 above. Mr. Roefaro was the principal of APPDEVELOP, and continued to have access to

A+SAFER's business interests for the application during this time.

13. Neither WEBDEVELOP nor APPDEVELOP delivered the Deliverables to A+SAFER as required by the Confidential Transfer & Release Agreement.

14. After the execution of the Confidential Transfer & Release Agreement, Mr. Roefaro and SAFERWATCH, LLC wrongfully exerted dominion over A+SAFER's business concepts and interests referenced in paragraph 11 in a manner inconsistent with A+SAFER's ownership interest in its business concepts and interests.

15. Lowell Crawford and A+SAFER first discovered that the Defendants wrongfully misappropriated their Trade Secrets in March of 2022 when Mr. Crawford watched a television advertisement with Gene Roefaro, the Superintendent and Broward County Sheriff, two individuals that Mr. Crawford introduced Geno Roefaro to while Mr. Roefaro was an app developer/corporate representative for A+SAFER, talking about SAFERWATCH, LLC.

## BREACH OF FIDUCIARY DUTY

### FIRST CLAIM FOR RELIEF
### BROUGHT BY ALL PLAINTIFFS AGAINST GENO ROEFARO, APPDEVELOP.COM, LLC, AND WEBDEVELOP.COM, LLC

16. Plaintiffs incorporate herein the allegations of all previous paragraphs as though fully set out herein.

17. Plaintiffs and the Defendants shared a confidential relationship whereby Plaintiffs reposed trust and confidence in the Defendants as its for-hire app developer and the individual defendant as a corporate officer.

18. As a result of these confidential relationships plaintiff shared business contacts and confidential and proprietary information obtained exclusively through this confidential relationship of trust with Plaintiffs.

19. The Defendants undertook such a position of trust and assumed a fiduciary duty to Plaintiffs to serve, protect and act in the best interests of Plaintiffs. Specifically, defendants were both officers of the corporate plaintiff, and contractors for the corporate plaintiff and individual plaintiff engaged to perform a work for hire owned exclusively by Plaintiffs. See Exhibit A Contract Membership Interest Purchase Agreement

20. Here the defendant fiduciary is disloyal in misappropriating work product, business ideas, prospects, and other trade secrets, and has self-dealt taking the product he has been paid to develop and work on for his own profit and thus has taken unfair advantage of the Plaintiff who invested his life savings as a school principal to develop this product,

21. By engaging in the actions complained of herein, including the misappropriation of the business assets of Plaintiff, including but not limited to prospect lists, marketing materials, source code developed for hire and owned exclusively by Plaintiffs, and use of other trade secrets of Plaintiffs, Defendants have committed a material breach of such fiduciary duty owed by the Defendants to Plaintiffs and have used the confidential information entrusted to them for their own personal benefit and against the interests of Plaintiff.

22. In plain terms, Defendants have stolen, and converted Plaintiffs' confidential work product, and used it for their exclusive benefit without the knowledge or consent of Plaintiffs.

23. Plaintiffs have suffered significant economic damages and continue to suffer further injuries as a direct and consequential result of such breach by the Defendants of the fiduciary duty owed by them to Plaintiffs, in the amount to be proven at trial but estimated to be no less than One Million Dollars ($1,000,000).

WHEREFORE, Plaintiffs demand judgment be entered against Defendants for an award of monetary damages, lost profits, restitution, disgorgement of all profits or benefits they received as a result of the breach, actual damages and costs of the action against the Defendants, together with reasonable attorney fees, costs and expenses, and such other and further relief as the court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS PURSUANT TO FLORIDA STATUTE 688**

**BROUGHT BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

24. Plaintiffs incorporate herein the allegations of all previous paragraphs 1 through 15 as if fully set out herein.

25. F.S. Chapter 688, the Florida Uniform Trade Secrets Act (hereinafter FUTSA), provides a legal framework for the protection of trade secrets and remedies in cases of misappropriation.

26. Under the FUTSA, a trade secret is defined broadly to include information, such as a formula, pattern, compilation, program, device, method, technique, or process, that

derives economic value from not being generally known or readily ascertainable by others and is the subject of efforts to maintain its secrecy.

27. The FUTSA defines misappropriation as the acquisition of a trade secret by someone who knows or has reason to know that the trade secret was acquired by improper means, or the disclosure or use of a trade secret without consent by someone who used improper means to acquire the trade secret or who knew at the time of disclosure or use that they were violating a duty to maintain its secrecy.

28. Plaintiffs possessed confidential, proprietary information in the form of offering a public safety application that would allow public and private facilities to communicate during emergency situations more efficiently. This concept is totally unique and developed by Plaintiff Lowell Craawford, by his years of dedicated service as a public-school principal and his desire to help protect the public. It is a brand-new concept of public safety communication, and a unique and valuable trade secret. The design and implementation of this model was through software developed by Plaintiff's fiduciary contracts for hire and by officers the defendants, confidentially bound to Plaintiffs.

29. Defendants knowingly misappropriated everything including the concept, design, source code, business leads and prospects, developed marketing material, and even part of the company name.

30. Plaintiffs took reasonable steps to protect its secrecy.

31. The Defendants willfully and maliciously misappropriated Plaintiffs' trade secrets by using such for Defendants' own pecuniary gain without the consent of Plaintiffs, when at the time of Defendants' use, Defendants knew and had reason

to know their knowledge of such information was acquired under a duty to maintain its secrecy and limit its use.

32. The continued violation of these duties is causing ongoing harm to Plaintiffs.

33. As a result of the foregoing, Plaintiffs have suffered significant economic damages and continue to suffer further injuries as a direct and consequential result of such breach by the Defendants of such duty owed by them to Plaintiffs, in an amount to be proven at trial but estimated to be no less than One Million Dollars ($1,000.00).

34. Plaintiffs by Lowell Crawford first discovered that the Defendants wrongfully misappropriated their Trade Secrets in March of 2022 when Mr. Crawford watched a television advertisement with Gene Roefaro, the Superintendent and Broward County Sheriff, two individuals that Mr. Crawford introduced Geno Roefaro to while Mr. Roefaro was an app developer/corporate representative for A+SAFER, talking about SAFERWATCH, LLC.

35. This is a case of willful and malicious misappropriation, and Plaintiffs provide notice of their intent to later move the court, upon a proper evidentiary showing, to amend to seek an award of punitive damages.

36. Pursuant to Florida Statute 688.005, Plaintiffs are entitled to an award of reasonable attorney fees.

WHEREFORE, Plaintiffs demand judgment be entered against Defendants for an award of monetary damages, lost profits, restitution, disgorgement of all profits or benefits they received as a result of the breach, actual damages and costs of the action against the

Defendants, together with reasonable attorney fees, costs and expenses, and such other and further relief as the court deems just and proper.

## INJUNCTIVE RELIEF PURSUANT TO F.S. 688.003

### THIRD CLAIM FOR RELIEF
### BROUGHT BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

37. Plaintiffs incorporate herein the allegations of the Second Claim for Relief and paragraphs 1 through 15 as though fully set out herein.

38. Pursuant to F.S. 688.003(1) "Actual or threatened misappropriation may be enjoined."

39. Here the misappropriation is actual and is continuous, as Defendants have opened a new business using and selling the misappropriated business model, assets, and sources code, and have actually gained considerable advantage over the Plaintiff owner in selling same by its wrongful actions.

40. Pursuant to F.S. 688.003(2) "In exceptional circumstances, an injunction may condition future use upon payment of a reasonable royalty for no longer than the period of time for which use could have been prohibited. Exceptional circumstances include, but are not limited to, a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation that renders a prohibitive injunction inequitable."

41. Plaintiffs assert that any future use that is not completely enjoined (to include use of the technology already sold to various school districts) be subject to a royalty.

42. Unless enjoined by this Court, the persistent and continuing wrongful actions of the Defendant, as alleged elsewhere herein, will continue to cause substantial and irreparable harm to Plaintiffs, who have invested their life savings into the development,

43. Plaintiffs have no adequate remedy at law.

44. Plaintiffs have a substantial likelihood of success on the merits in this proceeding.

45. A grant by this Court of injunctive relief will serve their public interest, by discouraging others from engaging in the wrongful behavior exhibited by the Defendant.

46. Defendants are unfairly competing with Plaintiffs and misappropriating Plaintiffs trade secrets, by their very nature, result in irreparable injury based on the attendant loss of goodwill, reputation and business.

WHEREFORE Plaintiffs demand a Permanent Injunction prohibiting the Defendants from further wrongful use of Plaintiffs' Trade Secrets, together with reasonable attorney fees, a royalty on any use not completely enjoined, and such other and further relief as is just and proper.

## DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF FLORIDA STATUTE 501.201 ET SEQ.

### FOURTH CLAIM OF RELIEF
### BROUGHT BY ALL PLAINTIFFS AGAINST GENO ROEFARO. APPDEVELOP.COM,LLC, WEBDEVELOP.COM, LLC

47. Plaintiffs incorporate herein the allegations of paragraph 1 through 15 as though fully set out herein.

48. Florida's Deceptive and Unfair Trade Practices Act Fla. Stat 501.201 et seq. (FDUTPA) prohibits, "unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of trade or commerce," 501.204.

49. The stated purpose of FDUTPA is to protect consumers from, "those who engage in unfair methods of completion, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce," 501.202.

50. As a consequence of Defendants' relationship with the Plaintiffs, the Defendants became privy to confidential information regarding the operations, business plan, and trade secrets of the Plaintiffs.

51. The Defendants obtained such confidential information in a fiduciary capacity while serving as a corporate representative and app developer of Plaintiff.

52. It was not intended by the parties that the Defendants should ever use such confidential information for their own benefit or that of third parties, but rather for the exclusive benefit of the Plaintiffs.

53. As alleged elsewhere herein, the Defendants knowingly used and continue to use such confidential information to compete unfairly with the Plaintiffs.

54. Plaintiffs are 'consumers' under FDUTPA 501.203(7) and are entitled to protection under Fla. Stat. Ch. 501 "Consumer Protection."

55. Defendants participate in 'trade,' under FDUTPA 501.203(8), by advertising, soliciting, and providing services.

56. Defendants have committed, and continue to commit unconscionable, unfair, and deceptive acts as defined by FDUTPA 501.204 by unfairly competing and by committing other acts alleged elsewhere herein.

WHEREFORE Plaintiffs demand judgment be entered against Defendants for an award of actual damages and costs of the action against the Defendants, together with reasonable attorney's fees.

## BREACH OF CONTRACT

### FIFTH CLAIM OF RELIEF
### BROUGHT BY ALL PLAINTIFFS AGAINST APPDEVELOP.COM, LLC. WEBDEVELOP.COM, LLC

57. Plaintiffs incorporate herein the allegations of paragraphs 1 through 15 as though fully set out herein.

58. WEBDEVELOP AND APPDEVELOP were required under the Confidential Transfer & Release Agreement to timely deliver the Deliverables to A+ Safer in Florida. See paragraph 3 of Exhibit B.

59. WEBDEVELOP AND APPDEVELOP are in continued breach of the Confidential Transfer Agreement by failing to timely deliver the Deliverables (specifically the source code, and related development materials) to A+SAFER in Florida.

60. WEBDEVELOP AND APPDEVELOP are in continued breach of the Confidential Transfer Agreement by misusing and misappropriating for their own use the source code, and related development materials owned by A+SAFER.

61. WEBDEVELOP AND APPDEVELOP are in continued breach of the Confidential Transfer Agreement by misappropriating the deliverables for their own benefit through their alter ego SAFER WATCH LLC.

62. As a result of WEBDEVELOP's and APPDEVELOP's breach of contract, A+SAFER and Lowell Crawford have suffered damages.

15

63. Pursuant to paragraph 13 of the contract attorney's fees are awardable.

WHEREFORE A+SAFER LLC demands judgment be entered against WEBDEVELOP and APPDEVELOP for damages, and also for A+SAFER LLC's reasonable attorneys' fees and costs incurred in this action pursuant to the terms of the Confidential Transfer & Release Agreement.

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**SIXTH CLAIM OF RELIEF**
**BROUGHT BY ALL PLAINTIFFS AGAINST APPDEVELOP.COM. LLC. WEBDEVELOP.COM, LLC**

64. Plaintiffs incorporate herein the allegations of paragraphs 1 through 15 as though fully set out herein.

65. Plaintiffs and Defendants are parties to a written contract as alleged elsewhere herein.

66. The contract **at paragraphs 7 "AppDevelop hereby relinquishes, waives, abandons, and releases any right, title, or interest in and to ownership of the Deliverables, which shall be hereafter the exclusive property of Client."** is ambiguous about the permissibility or scope of the conduct in question (specifically the misappropriation of trade secrets and confidentiality thereof) as the contract defined Defendant's duties in general terms and did not contemplate Defendant's subsequent actions of misappropriating Plaintiff's Trade Secrets.

67. The Defendants, through the conscious and deliberate actions alleged herein, failed to discharge their obligations under such implied covenant of good faith and fair dealing as to Plaintiffs.

68. Defendants' conduct unfairly frustrates the contract's purpose and disappoints the Plaintiffs' expectations.

69. Plaintiffs have suffered significant economic damages and have been deprived of the Contract's benefits as a direct consequential result of Defendants' breach of covenant of good faith and fair dealing owed by him to Plaintiffs, in an amount to be proven at trial but estimated to be no less than One Million Dollars ($1,000.000).

WHEREFORE Plaintiffs demand judgment be entered against Defendants for an award of actual damages and costs of the action against the Defendants, together with reasonable attorney's fees.

## CAUSES OF ACTION AGAINST DEFENDANTS

## SEVENTH CLAIM OF RELIEF

*Violation of Defend Trade Secrets Act*

70. Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 15 as though fully set forth herein. The DTSA defines a trade secret as, inter alia, "all forms and types of financial, business, scientific, technical, economic, or engineering information . . . whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing" provided that the owners took "reasonable measures to keep such information secret," and it offers the holder of the trade secret an advantage over competitors who do not use the trade secret.

71. Plaintiffs confidential, proprietary information in the form of offering a public safety application that would allow public and private facilities to communicate during

17

emergency situations more efficiently were kept secret by Plaintiffs by reasonable measures undertaken by Plaintiffs to protect the secret and private nature of the information.

72. Plaintiffs' trade secrets are related to products and services offered in interstate commerce.

73. Defendants were entrusted with this confidential business information in the performance of their job duties on behalf of Plaintiffs. They were prohibited by contract and by Florida law from appropriating Plaintiffs' property and from converting that property illegally to their own use.

74. Defendants surreptitiously and improperly downloaded, copied or otherwise absconded with these trade secrets. Plaintiffs are unlawfully using these trade secrets to benefit themselves and each Defendant knowing that these trade secrets were acquired by improper means and yet each executed, participated in, or permitted the execution of the misconduct.

75. The categories of misappropriated information belonging to Plaintiffs include, for example, confidential, proprietary information in the form of offering a public safety application that would allow public and private facilities to communicate during emergency situations more efficient and other trade secret information and data.

76. As a direct result of the conduct of Defendants, Plaintiffs have been harmed and continue to be irreparably harmed.

77. The Defendants' conduct also causes irreparable harm to consumers, who are also the victims of Defendants' illegal activity, conducted with negligent, grossly negligent,

and/or intentional disregard for the rights and interests of consumers who were led to believe that they are doing business with Plaintiffs.

WHEREFORE Plaintiffs demand judgment be entered against Defendants for an award of actual damages and costs of the action against the Defendants, together with reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing Complaint, and all the facts alleged therein are true and correct to the best of my/our knowledge and belief.

Executed on this 29th day of January, 2024.

_____          _____
A+ SAFER, LLC                                          LOWELL CRAWFORD
                                                                  Neil Bryan Tygar, P.A.

Attorneys for Plaintiffs
By:     */s/ Ian M. Tygar*
Ian Tygar
Executive Square Plaza
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-6510 Cellular Phone
561-455-0281 Fax
Florida Bar No. 1031848
**Primary E-Mail Address: itygar@icloud.com**
**Secondary E-Mail** neiltygarlaw@gmail.com