UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

A+ SAFER, LLC; and LOWELL CRAWFORD,

    *Plaintiffs,*

v.   CASE NO.: 9:24-cv-80255-RLR

GENO ROEFARO; APPDEVELOP.COM, LLC; WEBDEVELOP.COM, LLC; and SAFERWATCH, LLC,

    *Defendants.*
_____/

GENO ROEFARO,

    *Counter-Plaintiff,*

v.

LOWELL CRAWFORD,

    *Counter-Defendant.*
_____/

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs submit their Proposed Findings of Fact and Conclusions of Law and state:

I. **PROPOSED FINDINGS OF FACT**

The Court confines its findings of fact to those facts that are relevant for the resolution of this matter.

1. LOWELL CRAWFORD RETIRED EARLY FROM MIAMI DADE COUNTY PUBLIC SCHOOLS AS A PRINCIPAL TO DEVELOP A MOBILE SECURITY APPLICATION TO BETTER SERVE SHOOLS AND THE PUBLIC'S OVERAL SAFETY.

2. LOWELL CRAWFORD APPROACHED GENO ROEFARO IN SEPTEMBER "2015" TO DEVELOP A MOBILE/WEB BASED APPLICATION FOR SCHOOLS AND PUBLIC SAFETY.

3. LOWELL CRAWFORD HIRED GENO ROEFARO IN "JANUARY 2016" TO DEVELOP A MOBILE/WEB BASED APPLICATION FOR SCHOOLS AND PUBLIC SAFETY.

4. LOWELL CRAWFORD ENTERED INTO AN OPERATING AGREEMENT WITH GENO ROEFARO IN EARLY "2016" AND ISSUED GENO ROEFARO 15% OF A+ SAFER'S STOCK WHILE LOWELL CRAWFORD WOULD RETAIN 85% OF THE COMPANY'S STOCK AS THE FOUNDING MEMBER. THE OPERATING AGREEMENT SPECIFIED FIDUCIARY RESPONSIBILITIES AND CARE OF DUTIES THAT GENO ROEFARO AND ALL MEMBERS AND OFFICERS AGREED TO UPHOLD WITHOUT LIMITATIONS TO A SPECIFIC PERIOD.

5. LOWELL CRAWFORD INTRODUCED GENO ROEFARO TO FORMER BROWARD SHERIFF SCOTT ISRAEL OF THE BROWARD COUNTY SHERIFF'S DEPARTMENT AT A FUND RAISER EVENT TO DISCUSS A+ SAFER.

6. LOWELL CRAWFORD AND GENO ROEFARO BEGAN TO ACTIVELY MARKET A+ SAFER IN "2016" AFTER GENO ROEFARO BECAME AN OFFICIAL MEMBER AND OFFICER OF A+ SAFER. LOWELL CRAWFORD AND GENO ROFARO MET WITH BROWARD SCHOOLS SUPERINTENDANT ROBERT RUNCIE AT THE STATEWIDE SUPERINTENDANT'S CONFERENCE IN TALLAHASSE, FLORIDA MARCH 15-16, 2017.

7. SUPERINTENDANT RUNCIE SCHEDULED A TIME FRAME FOR LOWELL CRAWFORD AND GENO ROEFARO TO MEET WITH BROWARD COUNTY PUBLIC SCHOOL'S EXECUTIVE STAFF TO DISCUSS POTENTIAL A+ SAFER IMPLEMENTATION.

8. LOWELL CRAWFORD, GENO ROEFARO, AND TEAM MET WITH AND PRESENTED AN A+ SAFER PRESENTATION TO THE BROWARD COUNTY PUBLIC SCHOOLS EXECUTIVE STAFF ON JUNE 2, 2017.

9. LOWELL CRAWFORD CREATED AN A+ SAFER SUBSIDIARY (SAFER WATCH) FOR BROADER SERVICE TO SCHOOLS AND COMMUNITY WIDE PUBLIC SAFETY.

10. LOWELL CRAWFORD CREATED AND FUNDED "2016-17" THE DEVELOPMENT OF THE SAFER WATCH VERSION OF THE APP. GENO ROEFARO AND HIS ASSISTANT SHANNON DONNEV ASSISTED IN DEVELOPING THE US AND UK MARKETING PRESENTATIONS.

11. LOWELL CRAWFORD FUNDED A TRIP FOR GENO ROEFARO AND 2 CONSULTANTS TO TRAVEL TO THE UK FOR PURPOSES OF MARKETING A+ SAFER's SAFER WATCH APP VERSION APRIL 12, 2017.

12. LOWELL CRAWFORD AND GENO ROEFARO PREPARED FOR A TRIP TO PLYMOUTH, MA CORRECTIONAL FACILITIES TO MARKET A+ SAFER & SAFER WATCH AND TO SECURE LOWELL CRAWFORD'S FIRST CONTRACT.

13. LOWELL CRAWFORD, GENO ROEFARO, AND 1 CONSULTANT TRAVELED TO PLYMOUTH, MA CORRECTIONAL FACILITIES TO BEGIN THE ONBOARDING PROCESS FOR A+ SAFER's FIRST POTENTIAL CONTRACT ON JULY 11, 2017.

14. LOWELL CRAWFORD, GENO ROEFARO, AND 2 CONSULTANTS TRAVELED TO WASHINGTON DC FOR THE NATIONAL ASSOCIATION OF SCHOOL RESOURCE OFFICERS CONFERENCE ON JULY 23, 2017.

15. GENO ROEFARO ABRUPTYLY RESIGNED AS AN OFFICER FROM A+ SAFER AND SAFER WATCH IN SEPTEMBER "2017."

16. LOWELL CRAWFORD AND GENO ROEFARO FINALIZED AND EXECUTED A MEMBERSHIP INTEREST PURCHASE AGREEMENT (BUY BACK AGREEMENT) ON OCTOBER 30, 2017 IN WHICH LOWELL CRAWFORD WOULD RECEIVE 15% OF HIS SHARES BACK FROM GENO ROEFARO IN EXCHANGE FOR $22,500.00. THIS MARKED THE OFFICIAL DATE OF GENO ROEFARO'S OFFICIAL DEPARTURE FROM A+ SAFER AS AN OFFICER AND MEMBER.

17. GENO ROEFARO INCORPORATED A DELAWARE BASED COMPANY (SAFER WATCH) ON NOVEMBER 6, 2017 (ONLY 6 DAYS) AFTER FINALIZING THE MEMBERSHIP INTEREST PURCHASE AGREEMENT.

18. GENO ROEFARO FAILED TO ISSUE LOWELL CRAWFORD'S DELIVERABLES PER THE AGREEMENT.

19. ON JANUARY 24, 2020, LOWELL CRAWFORD REALIZED THAT GENO ROEFARO WAS ACTIVELY MARKETING TRADE SECRETS THAT BELONGED TO LOWELL CRAWFORD. THIS WAS DISCOVERED BY WAY OF A LOCAL NEWS BROADCAST INVOLVING GENO ROEFARO, BROWARD COUNTY PUBLIC SCHOOLS AND THE BROWARD SHERRIFFS DEPARTMENT. AS NOTED, GENO ROEFARO WAS INTIALLY INTRODUCED TO BOTH BROWARD COUNTY PUBLIC SCHOOLS AND THE BROWARD SHERIFF'S DEPARTMENT BY LOWELL CRAWFORD DURING THE SPAN OF 2016-2017 WHILE GENO WAS A MEMBER AND OFFICER OF A+ SAFER.

20. GENO ROEFARO WAS IMMEDIATELY CONTACTED ON JANUARY 24, 2020 BY LOWELL CRAWFORD TO DISCUSS THIS MATTER VIA TELEPHONE CALLS AND TEXT MESSAGES.

21. GENO ROEFARO DENIED ANY WRONG DOING AND ISSUED LOWELL CRAWFORD A CEASE AND DESIST ORDER BY HIS ATTORNEY.

22. LOWELL CRAWFORD FILED HIS INITIAL COMPLAINT IN THE STATE COURTS OF FLORIDA IN DECEMBER "2022." THE CASE WAS ULTIMATELY MOVED TO THE FEDERAL COURTS IN PALM BEACH COUNTY'S SOUTHERN DISTRICT IN MARCH OF "2024."

23. GENO ROEFARO HAS OPERATED SAFERWATCH SINCE "2017" AS A DELAWARE BASED COMPANY AND SINCE "2018" AS A FLORIDA BASED COMPANY.

24. GENO ROEFARO CURRENTLY SERVICES ATLEAST 6,000 SITES ACCORDING TO SAFERWATCHAPP WEBSITE DATA.

25. GENO ROEFARO CURRENTLY SERVICES MIAMI DADE COUNTY PUBLIC SCHOOLS (500+ SITES) AT A CONTRACTED RATE OF $1,171.50 PER SCHOOL SITE.

26. SAFERWATCH RECEIVES ATLEAST $7,029,000 IN ANNUAL REVENUE ACCORDING TO AVAILABLE DATA SOURCES.

27. SAFER WATCH HAS RECEIVED ATLEAST $21,087,000 IN TOTAL REVENUE BASED ON DATA CALCULATIONS.

28. LOWELL CRAWFORD HAS NOT RECEIVED $1 IN REVENUE SINCE GENO ROEFARO RESIGNED FROM LOWELL CRAWFORD'S COMPANY.

29. LOWELL CRAWFORD SHOULD RECEIVE AN AMOUNT IN DAMAGES EQUIVALENT TO HIS STATED SHARE OF 85% OF ALL PAST NET REVENUE OR WHATEVER AMOUNT THE COURT DEEMS APPROPRIATE.

30. LOWELL CRAWFORD SHOULD RECEIVE AN AMOUNT IN DAMAGES EQUIVALENT TO HIS STATED SHARE OF 85% OF ALL FUTURE REVENUE OR WHATEVER AMOUNT THE COURT DEEMS APPRROPRIATE.

## II. CONCLUSIONS OF LAW

### 1. CLAIM 1-BREACH OF FIDUCIARY DUTY

DEFENDANTS WERE IN A POSITION AS AN APPOINTED OFFICER AND MEMBER OF A+ SAFER LLC. THE DEFENDANT, PER THE A+SAFER OPERATING AGREEMENT, VIOLATED THE TERMS OF HIS ROLES BY USING THE ASSETS AND TRADE SECRETS OF THE PLAINTIFF AND COMPETING DIRECTLY WITH PLAINTIFF BY FAILING TO GET PROPER LICENSING FROM THE PLAINTIFF. THE DEFENDANT WAS OBLIGATED TO SPECIFIC FIDUCIARY DUTIES IN HIS APPOINTED ROLE AS A MEMBER AND OFFICER OF A+SAFER IN WHICH HE VIOLATED FIDUCIARY RESPONSIBILITIES UNDER FLORIDA STATUTE 673.3071 PLAINTIFFS WERE DAMAGED IN THE AMOUNT OF THE DEFENDANT'S UNJUST ENRICHMENT BY THE ACQUISITION OF THE TRADE SECRETS AND BY SELLING THE DELIVERABLES DIRECTLY TO PROSPECTS OF THE PLAINTIFF. THE INAPPROPRIATE ACQUISITION OF THESE TRADE SECRETS WERE DEEMED AS WILLFUL AND MALICIOUS ACTS BY THE DEFENDANTS' RETING THE TRADE SECRETS FROM THE PLAINTIFF AND LEAVING THE PLAINTIFF WITHOUT DELIVERABLES TO SELL. PLAINTIFF INTENDS TO SEEK DISGORGEMENT

OF PROFITS AS A REMEDY FOR DEFENDANTS BREACH OF FIDUCIARY DUTY BY THE TAKING AND USING IN INTERSTATE COMMERCE, PLAINTIFFS TRADE SECRETS. DUE TO DEFENDANTS FAILING TO DISCLOSE REVENUE AS REQUESTED DURING DISCOVERY IN THIS CASE, PLAINTIFFS DO NOT HAVE AN EXACT AMOUNT. ON INFORMATION AND BELIEF, DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED IN AN AMOUNT IN EXCESS OF $4,000,000 (OR OTHERWISE RULED APPROPRIATE BY THE COURT). PLAINTIFFS FURTHER INTEND TO MOVE THE COURT TO HOLD THE UNJUST ENRICHMENT AS WILLFUL AND MALICIOUS AND AWARD EXEMPLARY DAMAGES OF AT LEAST TWICE THE AWARD (OR OTHERWISE RULED APPROPRIATE BY THE COURT).

2. **CLAIM 2 FOR MISAPPROPRIATION OF TRADE SECRETS UNDER FLORIDA STATUTE CHAPTER 688 UNIFORM TRADE SECRETS ACT.**

FLORIDA STATUTE CHAPTER 688 THE "UNIFORM TRADE SECRETS ACT." PROVIDED DAMAGES FOR MISAPPROPRIATING A TRADE SECRET OF ANOTHER BY A PERSON WHO KNOWS OR HAS REASON TO KNOW THAT THE TRADE SECRET WAS ACQUIRED BY IMPROPER MEANS OR USE OF A TRADE SECRET OF ANOTHER WITHOUT EXPRESS OR IMPLIED CONSENT BY A PERSON WHO ACQUIRED THE TRADE SECRET UNDER CIRCUMSTANCES GIVING RISE TO A DUTY TO MAINTAIN ITS SECRECY. THE UNIFORM TRADE SECRETS ACT PROVIDES "A COMPLAINANT IS ENTITLED TO RECOVER DAMAGES FOR MISAPPROPRIATION INCLUDING THE UNJUSTENRICHMENT CAUSED BY MISAPPROPRIATION. IN LIEU OF DAMAGES MEASURED BY ANY OTHER METHODS, THE DAMAGES CAUSED BY MISAPPROPRIATION MAY BE MEASURED BY IMPOSITION OF LIABILITY FOR A

REASONABLE ROYALTIES FOR THE MISAPPROPRIATION AND UNAUTHORIZED DISCLOSURE OR USE OF A TRADE SECRET." PLAINTIFF INTENDS TO SEEK DISGORGEMENT OF PROFITS AS A MEASURE OF UNJUST ENRICHMENT FOR DEFENDANTS MISAPPROPRIATION AND USE OF PLAINTIFFS TRADE SECRETS. AS NOTED ABOVE, ON INFORMATION AND BELIEF, DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED IN AN AMOUNT IN EXCESS OF $4,000,000 ((OR OTHERWISE RULED APPROPRIATE BY THE COURT). PLAINTIFFS FURTHER INTEND TO MOVE THE COURT TO HOLD THE UNJUST ENRICHMENT IS WILLFUL AND MALICIOUS AND AWARD EXEMPLARY DAMAGES OF TWICE THE AWARD (OR OTHERWISE RULED APPROPRIATE BY THE COURT).

3. **CLAIM 3 FOR INJUNCTIVE RELIEF FOR VIOLATION OF FLORIDA STATUTE CHAPTER 688.003, UNIFORM TRADE SECRETS ACT.**

UNDER THE SAME FACTS ABOVE, THE PLAINTIFF IS ENTITLED TO AN INJUNCTION TO CONDITION FUTURE USE UPON PAYMENT OF A REASONABLE ROYALTY FOR NO LONGER THAN THE PERIOD OF TIME FOR WHICH USE COULD HAVE BEEN PROHIBITED. PLAINTIFFS INTEND TO SEEK AN ORDER FOR THE DEFENDANTS TO PAY A REASONABLE ROYALTY OF 85% (OR OTHERWISE RULED APPROPRIATE BY THE COURT) TO THE PLAINTIFFS FOR A PERIOD OF 10 YEARS, UNTIL DECEMBER 31, 2035, IN ORDER TO ELIMINATE COMMERCIAL ADVANTAGE THAT OTHERWISE WOULD BE DERIVED FROM THE MISAPPROPRIATION.

## 4. <u>CLAIM 4  DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF FLORIDA STATUTE 501.201</u>

<u>"FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT." THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT MAKES IT UNLAWFUL TO USE UNFAIR METHODS OF COMPETITION, UNCONSCIONABLE ACTS OR PRACTICES, AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE CONDUCT OF ANY TRADE OR COMMERCE. HERE, DEFENDANTS MISAPPROPRIATED THE DELIVERABLES AND UNLAWFULLY USED PLAINTIFF'S ASSETS AND TRADE SECRETS TO SELL THE DELIVERABLES, BELONGING TO PLAINTIFF, IN INTERSTATE COMMERCE. PLAINTIFF INTENDS TO SEEK DISGORGEMENT OF PROFITS AS A MEASURE OF UNJUST ENRICHMENT FOR DEFENDANTS MISAPPROPRIATION AND USE OF PLAINTIFFS TRADE SECRETS. AS NOTED ABOVE, ON INFORMATION AND BELIEF, DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED IN AN AMOUNT IN EXCESS OF $4,000,000 (OR OTHERWISE RULED APPROPRIATE BY THE COURT). PLAINTIFFS FURTHER INTEND TO MOVE THE COURT TO HOLD THE UNJUST ENRICHMENT AS WILLFUL AND MALICIOUS AND AWARD</u>

<u>EXEMPLARY DAMAGES OF TWICE THE AWARD AND ATTORNEY'S FEES AND COSTS UNDER FLORIDA STATUTE 501.211 (OR OTHERWISE RULED APPROPRIATE BY THE COURT).</u>

### 5. CLAIM 5 FOR BREACH OF CONTRACT IN VIOLATION OF FLORIDA STATUTE 501.201 "FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT."

DEFENDANTS INITIALLY ENTERED INTO A WRITTEN CONTRACT, THE TRANSFER, TO DEVELOP THE APP FOR PLAINTIFFS. AS A 'WORK FOR HIRE' ON APRIL 7, 2018. THE CONTRACT CALLED FOR DEFENDANTS TO TRANSFER THE DELIVERABLES TO THE PLAINTIFF. TO THIS DATE, THE DEFENDANTS HAVE NOT TRANSFERRED THE DELIVERABLES TO PLAINTIFF IN BREACH OF THE TRANSFER. PLAINTIFFS HAVE BEEN DAMAGED BY NOT BEING ABLE TO USE THE DELIVERABLES. IN A FAST-MOVING ENVIRONMENT WHERE NATURAL AND MAN-MADE EMERGENCIES ARE OCCURRING SUCH AS THE COVID 19 EPIDEMIC OR HURRICANES IN FLORIDA, THE NEED FOR INFORMATION TO BE AVAILABLE IF AN EMERGENCY OCCURS, HAS EXPLODED. PLAINTIFFS WERE POSITIONED TO CAPITALIZE ON THIS MARKET. DEFENDANTS BREACHED THE TRANSFER WHICH LEFT PLAINTIFF WITH NO PRODUCT TO TAKE TO MARKET. AS A RESULT OF THE DEFENDANTS TAKING OF THE DELIVERABLES, WHICH WERE THE PROPERTY OF THE PLAINTIFF, BY SELLING THE STOLEN DELIVERABLES. DEFENDANT BREACHED THE TRANSFER BY NOT TRANSFERRING THE DELIVERABLES, WHICH PLAINTIFF PAID FOR. PLAINTIFF INTENDS TO SEEK DISGORGEMENT OF PROFITS AS A REMEDY FOR DEFENDANTS BREACH OF CONTRACT BY THE FAILURE TO TURN OVER THE DELIVERABLES AND THEN STEALING THE DELIVERABLES TO BE USED IN INTERSTATE COMMERCE. DUE TO DEFENDANTS FAILING TO DISCLOSE REVENUE AS REQUESTED DURING DISCOVERY, THE PLAINTIFFS DO NOT HAVE AN EXACT

AMOUNT BUT HAVE PROVIDED REASONABLE DATA AND CONTRACTUAL CALCULATIONS IN EXHIBITS 271 AND 272 REGARDING INFORMATION AND BELIEF, DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED IN AN AMOUNT IN EXCESS OF AT LEAST $4,000,000 (OR OTHERWISE RULED APPROPRIATE BY THE COURT).

PLAINTIFFS FURTHER INTEND TO MOVE THE COURT TO HOLD THE UNJUST ENRICHMENT BY BREACH OF CONTRACT AS WILLFUL, MALICIOUS, AND AWARD EXEMPLARY DAMAGES OF TWICE THE AWARD (OR OTHERWISE RULED APPROPRIATE BY THE COURT).

### 6. CLAIM 6 FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING IN FLORIDA

EVERY CONTRACT HAS AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, (SECTION 671.203 - OBLIGATION OF GOOD FAITH; EVERY CONTRACT OR DUTY WITHIN THIS CODE IMPOSES AN OBLIGATION OF GOOD FAITH IN ITS PERFORMANCE AND ENFORCEMENT.) DEFENDANT ROEFARO OWED PLAINTIFF A COVENANT OF GOOD FAITH AND FAIR DEALING. HERE, DEFENDANT BREACHED THE OPERATING AGREEMENT, AND THE TRANSFER BY MISAPPROPRIATION OF THE DELIVERABLES AND PLAINTIFF'S TRADE SECRETS. AND FURTHER BY COMPETING WITH THE PLAINTIFF. ALL CONDITIONS REQUIRED FOR THE DEFENDANT & PERFORMANCE HAD OCCURRED AND DEFENDANTS' ACTIONS OR OMISSIONS UNFAIRLY INTERFERED WITH THE PLAINTIFF ABILITY TO COMPETE IN THE MARKET PLACE.

WHEREIN, THE PLAINTIFF EXPECTED TO RECEIVE THE DELIVERABLES THAT WERE PAID TO BE DEVELOPED AS A 'WORK FOR HIRE. THE DEFENDANTS' CONDUCT DID NOT COMPORT WITH THE PLAINTIFFS' REASONABLE CONTRACTUAL EXPECTATIONS UNDER A SPECIFIC PART OF THE CONTRACT, NAMELY THAT THE DELIVERABLES BE GIVEN TO THE PLAINTIFF WITH ALL RIGHTS TITLE AND POSSESSION VESTED IN THE PLAINTIFF. THE DEFENDANT ROEFARO WOULD NOT COMPETE WITH PLAINTIFF AND THE PLAINTIFF WAS HARMED BY THE DEFENDANTS' CONDUCT BY NOT BEING ABLE TO GO TO MARKET, MISSING OUT ON IMPORTANT TIME WHEN THE APP WAS GREATLY NEEDED IN THE MARKETPLACE AND DEFENDANTS ILLEGAL USE OF THE TRADE SECRETS TO CAPITALIZE ON THE PLAINTIFF'S KNOWLEDGE, SKILL AND EXPERIENCE. PLAINTIFF INTENDS TO SEEK DISGORGEMENT OF PROFITS AS A REMEDY FOR DEFENDANT'S BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING OF AT LEAST $4,000,000 (OR OTHERWISE RULED APPROPRIATE BY THE COURT) AS DISCUSSED ABOVE. THE PLAINTIFFS FURTHER INTEND TO MOVE THE COURT TO HOLD THE UNJUST ENRICHMENT AS WILLFUL AND MALICIOUS AND AWARD EXEMPLARY DAMAGES OF TWICE THE AWARD (OR OTHERWISE RULED APPROPRIATE BY THE COURT).

## 7. CLAIM 7 FOR VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016

DEFENDANTS MISAPPROPRIATED TRADE SECRETS FROM PLAINTIFF BY USING PLAINTIFF'S TRADE SECRETS AND USED THE TRADE SECRETS IN INTERSTATE COMMERCE TO SELL AND PROMOTE THE STOLEN APP FROM THE

DELIVERABLES REFERENCED IN THE TRANSFER IN VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016.  DEFENDANTS USED THE PLAINTIFF'S TRADE SECRETS INCLUDING THE NAMES AND POSITIONS OF PROSPECTS FOR THE APP TO SELL WITHOUT PERMISSION OR AUTHORIZATION FROM THE PLAINTIFF. ADDITIONALLY, THE PLAINTIFF SEEKS ADDITIONAL RELIEF REGARDING THE AFOREMENTIONED CLAIMS FOR LEGAL FEES, OTHER EXPENSES, EMOTIONAL AND FINANCIAL DISTRESS INCURRED OVER THE PAST YEARS AS A DIRECT RESULT OF THESE CLAIMS.

Dated: February 24, 2025                    Respectfully submitted,

                                            By: **_Lowell Crawford_**
                                            3320 Birch Terrace
                                            Davie, Florida 33330
                                            Telephone: 786-287-3512
                                            Email: Lccrawford07@gmail.com

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that I-Lowell Crawford-conferred with Michael Boehringer on February 24, 2025 regarding this document.

                                            By: **_Lowell Crawford_**
                                            Lowell Crawford

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February **(24th)** 2025, this document was sent by email to Judge Robin L. Rosenberg as well as emailed to Attorney(s) Michael A. Boehringer, Jonathan E. Pollard, Christopher S. Prater, and Pollard PLLC (Attorneys for Defendants) at:

mboehringer@pollardllc.com, jpollard@pollardllc.com   and cprater@pollardllc.com, and mailed to Pollard PLL at: 401 E. Las Olas Blvd., #1400 Fort Lauderdale, FL 33301.

                                            By: **_Lowell Crawford_**
                                            Lowell Crawford